FILED

JUL 31 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| B. BENEDICT WATERS, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> JUAN CARLOS CASAS; et al., <br><br> Defendants - Appellees. | No. 12-56464 <br><br> D.C. No. 2:09-cv-07696-CAS-AJW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted July 22, 2014[**]

Before: GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

B. Benedict Waters appeal pro se from the district court's summary judgment in his action alleging violations of the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), and other claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Guatay*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011), and we affirm.

The district court properly granted summary judgment on Waters's FCRA and California Consumer Credit Reporting Agencies Act claims because Waters failed to raise a genuine dispute of material fact as to whether there were inaccuracies in his credit report or that the collection accounts were improperly reported. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890-91 (9th Cir. 2010) (requiring prima facie showing of inaccurate reporting); *see also* Cal. Civ. Code § 1785.25(a) (prohibiting reporting of information that is known to be incomplete or inaccurate).

The district court properly granted summary judgment on Waters's conspiracy claim because Waters failed to raise a triable dispute as to whether there was an agreement or meeting of the minds among supposed conspirators. *See Ward v. EEOC*, 719 F.2d 311, 314 (9th Cir. 1983).

The district court properly granted summary judgment on Waters's FDCPA claims because Waters failed to raising a genuine dispute of material fact as to whether the collection account was a "debt" under the FDCPA. *See Turner v. Cook*, 362 F.3d 1219, 1226-28 (9th Cir. 2004) (FDCPA "debt" is incurred only when a consumer engages in a consensual transaction).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Waters's remaining state law claims, expanding the vexatious litigant order, denying Waters's motions for sanctions, and granting relief from an entry of default after finding good cause. *See Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 819 (9th Cir. 2009) (standard of review for denial of sanctions); *Tritchler v. County of Lake*, 358 F.3d 1150, 1153 (9th Cir. 2004) (standard of review for declining to exercise supplemental jurisdiction); *Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000) (a district court's discretion is especially broad when setting aside entry of default); *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990) (standard of review and requirements for vexatious litigant orders).

We reject as unsupported by the record Waters's contentions concerning the district court's sua sponte grant of summary judgment, denial of judgment on the pleadings, and award of costs.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

All pending motions and requests are denied.

**AFFIRMED.**